UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| EMERSON GAITAN FABIAN, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil No. SA-08-CA-0269 |
| MAUREEN DUNN, *et al.*, | § § | |
| Defendants | § § | |

Plaintiffs' Request for Clarification

Now Come the Plaintiffs in the above entitled and numbered cause and request clarification as to the proper scope of their current discovery as follows:

1. On September 24, 2009 this Court held a hearing on a number of pending legal matters in this case. During such hearing, the Court specifically ruled that the Plaintiffs were entitled to preliminary discovery regarding the discretionary function exception to the Federal Tort Claims Act, ("FTCA") (Transcript, filed Nov. 25, 2009, Doc. 204 at pp. 57-63).

2. Plaintiffs have set forth FTCA claims for negligent selection and supervision as well as the intentional infliction of emotional distress.

3. The Court ordered Plaintiffs to present proposed discovery on the jurisdictional issue for court approval.

4. In most cases, Plaintiffs' pleadings would be taken as true, and only narrow discovery would be needed on the question of the ORR defendants' scope of discretion.

5. In discussing such exception at the hearing, however, Plaintiffs noted that the Defendant United States, in its Motion to Dismiss, had also attached a number of evidentiary materials and referenced them throughout their Brief. This created numerous factual controversies, and de facto entwined the jurisdictional issue with the core merits of this case.

   A. For example, Defendants attached an affidavit signed by Mr. Kenneth Tota which makes factual assertions as to what the U.S. Defendants knew about the abuse and when they knew it, and that they had taken all reasonable steps to properly and timely supervise operations at the Abraxas facility. A TDFPS report insinuated that some of the Plaintiffs were never battered at all. In short, the Defendant U.S. has placed in controversy the issues of knowledge, notice, negligence and harm. These clearly involve the core merits of the case: specifically, the harms to Plaintiffs, notice or imputed notice to Defendants, and the adequacy of their response thereto.

   B. Plaintiffs vehemently contest Defendant's version of the facts.

   C. Accordingly, Plaintiffs need discovery on these issues as well in order to fully and properly respond to the Motion to Dismiss.

6. Plaintiffs raised this matter at the hearing of September 24, 2009. This Court agreed, and authorized discovery on these broader questions. (Transcript, Doc.204 pp.58).

7. Plaintiffs understood that the authorization of full discovery at this stage of the proceedings was fully settled at the hearing, especially in light of the discussion in open court as to depositions of certain Plaintiffs in Honduras.

8. However, the parties continue to disagree on the correct interpretation of this Court's September 24, 2009 decision as to the scope of discovery.

9. Plaintiffs have filed proposed jurisdictional discovery with the Court, and the Cornell and the U.S. Defendants have both objected to the scope of such requests

10. The Plaintiffs are willing to accommodate the Defendants by limiting their initial discovery requests, on the condition that the U.S. defendants' evidence be struck from the record at this time; but in the alternative, they seek to begin full discovery on the merits forthwith. They will amend their discovery requests in accordance with clarification from this Court.

11. Accordingly, Plaintiffs have moved to strike the U.S. Defendants' exhibits and references thereto at this time, without prejudice to re-filing the same after this Court's ruling on the narrow jurisdictional question regarding the scope of the Defendants' discretion.

12. If such motion is granted, the Court could thus rule on the discretionary function exception based on the facts alleged in the Plaintiffs' Complaint. Determination of the controverted facts of the merits at so early a stage would not be necessary.

13. Thus, if such motion is granted, Plaintiffs are able to greatly narrow their discovery requests at this time.

14. If the evidentiary materials are not stricken, then Plaintiffs will need full discovery on the merits, as discussed in the hearing of September 24, 2009. This would entail even broader discovery than the materials sought in Plaintiffs initial requests.

15. The parties have been unable to amicably resolve their differing understandings of this Court's decision regarding discovery on the merits. This has prevented resolution of the various objections raised by the Defendants.

16. Plaintiffs therefore seek clarification from this court as to whether or not they may proceed with full discovery on the merits at this time, or if the Court's consideration of the jurisdictional issue will be limited to the Plaintiffs' factual pleadings.

17. If full discovery on the merits is authorized now, then the Plaintiffs ask this Court to issue a schedule setting forth applicable deadlines for the conduct of such discovery.

Wherefore Plaintiffs pray that this Court:

Order the parties to enter into full discovery on the merits at this time, and issue a scheduling order regarding such discovery,

OR

Strike the U.S. Defendants' evidentiary materials from consideration for purposes of determining the U.S. Motion to Dismiss,

AND

Grant the Plaintiffs leave to amend and/or supplement their discovery requests in accordance with its Order of Clarification.

        Respectfully Submitted,

        /s/Jennifer K. Harbury_____

| | |
|---|---|
| Jennifer K. Harbury | Jose Garza |
| Bar No. 08946500 | Bar No. 07731950 |
| Stephanie Welch | Judith Sanders Castro |
| Bar No. 24056510 | Bar No. 1759244 |
| Texas RioGrande Legal Aid, Inc. | Texas RioGrande Legal Aid, Inc. |
| 300 S. Texas Blvd. | 1111 N. Main St. |
| Weslaco, Texas 78596 | San Antonio, Texas |
| Tel. (956) 447-4800 | Tel. (210) 212-3700 |
| Fax. (956) 968-8823 | Fax. (210) 212-3772 |

**Certificate of Conference:**

4

**I, Jennifer K. Harbury hereby certify that on this 30th day of December, 2009 I communicated with counsel for Cornell via email regarding this Motion. No response has been received as of the date of this filing. An email was served upon the United States' Counsel on 4 January 2010, and Mr. Jennings does not object to receiving clarification from this Court as to the scope of discovery.**

**/S/_____**
**Jennifer K. Harbury**

## Certificate of Service

I, Jennifer K. Harbury, hereby certify that on this 4th day of January, 2010, I served a copy of the foregoing upon counsel for the Defendants through electronic filing with this Court as follows:

Mr. Charles Deacon and Ms. Bertina York
Fulbright & Jaworski L.L.P.
300 Convent St., Suite 2200
San Antonio, Texas  78205-3792

Mr. David Williams
Office of the City Attorney
111 Soledad Street, 10th Floor
San Antonio, Texas 78205

Mr. Mark Ralls
Gonzalez, Hoblit & Ferguson
Bank of America Plaza
300 Convent St.
San Antonio, Texas 78205

Mr. Gregory A. Scrivener
Ford & Massey, P.C.
10001 Reunion Place, Suite 640
San Antonio, Texas 78216

                                         /s/Jennifer K. Harbury\_\_\_\_
                                                Jan. 4, 2010